Argued December 4, 1967, affirmed April 10, 1968

STATE OF OREGON, *Respondent, v.*
PHILLIP WAYNE STEVENSON,
*Appellant.*

439 P. 2d 630

*Kenneth S. Solomon,* Portland, argued the cause and filed briefs for appellant.

*Billy L. Williamson,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

DENECKE, J.

■ The defendant was convicted of robbery. He appeals upon the ground that the testimony of police officers of statements allegedly made to such officers by the defendant was inadmissible because they were obtained in violation of defendant's federal constitutional rights as enunciated in *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L ed2d 694, 10 ALR3d 974 (1966).

The defendant was arrested early in the morning of June 9, 1966. He was taken to the police station. What occurred from this time on is partially in dispute.

The trial court specifically found:

"* * * The Court finds that the State has met its burden as to warning or advice by the authorities to the defendant of his right to remain silent; his absolute right to remain silent. I specifically find the same as to warnings or advices that anything he said could be used against him in court; specifically, finds that the burden has been met as to warnings or advice of his right to be represented by an attorney; and, specifically find that the burden has been met as to warnings or advice, if he could not afford to employ an attorney, an attorney would be appointed to represent him, if he desired to have such an appointment made. I further find, specifically, that the defendant knowingly and intelligently waived these rights and knowingly and intelligently and affirmatively agreed to enter into the conversation and to make the statements described by him to the officers; * * *."

There is ample evidence to support the trial court's findings.

■ The defendant was first interrogated by Detec-

tives Benson and Sizer. They testified that they informed him of his constitutional rights, including his right to an attorney. It is not clear from their testimony whether they clearly informed defendant of his right to have an attorney present at the interrogation; probably the most reasonable interpretation of the evidence is that they did not so advise him. This defect, however, is immaterial for several reasons, one of which is because the defendant testified he told the officers he wanted to see an attorney, which is evidence that the defendant knew of his right to have an attorney present. Another reason why the omission is immaterial is that although the officers may have continued to interrogate him after his request for an attorney, all witnesses are agreed that the defendant made no incriminating statements at this interrogation.

The defendant appeared before a magistrate at 11:00 o'clock a.m. of the day he was arrested, he advised the court he wanted an attorney, and the court stated an attorney would be appointed for him. That evening the defendant was interrogated by two other detectives, Officers Gates and Jackson. They asked him to identify persons in photographs which are not in evidence. The officers and the defendant are agreed that the officers handed the photograph of a person, whom the officer testified was a suspect, to defendant and the defendant said he knew him but had not seen him for awhile. The officer testified that the defendant declined to answer any questions without first consulting with his attorney. No incriminating statements were made by the defendant in this interrogation.

The interrogating officers and the defendant agree that at this second interrogation the defendant said he

wanted to talk to Detectives Benson and Sizer again. Benson and Sizer were the interrogating officers who were with defendant when he was booked. They testified that they asked defendant what he wanted to talk about and he said the robbery. Benson and Sizer testified they again advised him of his constitutional rights and the defendant then volunteered that he was acting as a lookout for the robbery.

The defendant testified he asked for Benson and Sizer so he could ask them to arrange to get some of his clothing which was at a place outside the jail. He testified the officers persisted in questioning him about the robbery and he finally admitted he was present at the place robbed.

In *Miranda v. Arizona,* supra (384 US at 444), the court said:

"* * * If, however, he [the accused] indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him. * * *"

We unanimously held in *State v. Beaver,* 248 Or 101, 432 P2d 509 (1967), that a statement made by a witness after he was represented by counsel was admissible and not in violation of *Miranda v. Arizona,* supra (384 US 436), if made without any interrogation by law enforcement personnel. The trial court found that the present statements were made without interrogation and were admissible. While the defendant disputes this finding, we agree with the trial court that there is ample evidence to support it.

Defendant's counsel may be inferring that although the incriminating statement was not the product of

immediate interrogation, it was induced by information stated by the police at the prior interrogations and, therefore, the incriminating statement was, in effect, the fruit of the poisonous tree. In our opinion this is speculation.

The defendant in no way testified that he "talked" because of what he had learned in the previous interrogations. We find nothing in the record of those previous interrogations which would enable us to find that they brought about the eventually volunteered incriminating statement by the defendant.

Affirmed.